

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00237-CR
### NO. 02-13-00238-CR
### NO. 02-13-00239-CR

CHRISTOPHER RAY BISHOP                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Ray Bishop appeals his felony convictions for possessing less than one gram of methamphetamine, evading arrest or detention

---

[1]*See* Tex. R. App. P. 47.4.

while using a vehicle, and tampering with physical evidence.[2] In all three appeals, we affirm.

Through separate documents, a grand jury indicted appellant with the charges described above. Each of appellant's three indictments contained a paragraph alleging that he had previously been convicted of other felonies. In the presence of a jury, appellant pled guilty in each case. He received admonishments about the effects of doing so, waived constitutional and statutory rights, and judicially confessed. He also pled true to the indictments' enhancement paragraphs.

The jury heard evidence concerning appellant's punishment. For example, the State presented evidence about his offenses[3] and his criminal history. Appellant called several witnesses who testified about his personal background. After the parties gave closing arguments, the jury convicted appellant of the charges as instructed by the trial court; found the indictments' enhancement paragraphs to be true; and assessed ten years' confinement for appellant's possessing methamphetamine, twelve years' confinement for his evading arrest

---

[2]See Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a)–(b) (West 2010); Tex. Penal Code Ann. §§ 37.09(a)(1), 38.04(a), (b)(2)(A) (West Supp. 2013).

[3]The police attempted to conduct a traffic stop of appellant after learning that he had methamphetamine in his car and seeing him commit a traffic offense. Appellant led the police on a high-speed chase across two counties while throwing drugs out of his car. When appellant finally stopped driving, the police found methamphetamine and $897 inside the car.

or detention in a vehicle, and twelve years' confinement for his tampering with physical evidence. The trial court ordered the sentences to run concurrently. Appellant brought these appeals.

Appellant's court-appointed appellate counsel has filed a motion for leave to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that there are "no non-frivolous issues . . . that can be legitimately presented."

Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). We gave appellant an opportunity to file a pro se response to counsel's brief, but he did not do so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178

3

S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 27, 2014